**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

NATALIE LAFAVE and NICOLAS LAFAVE,

Plaintiffs,

v.

LMH MILITARY PROPERTY MANAGEMENT LP, *et al.*,

Defendants.

Case No. 26-cv-03519-BAS-JLB

**ORDER GRANTING DEFENDANTS' MOTION TO SEAL (ECF No. 11)**

Before the Court Defendants' LMH Military Property Management LP and San Diego Family Housing, LLC's motion to seal operating, lease, and management agreements governing their military housing operations, along with related correspondence with government agencies ("Motion to Seal"). (ECF No. 11.) For the reasons below, the Court **GRANTS** Defendants' motion to seal. (*Id.*)

**I. BACKGROUND**

Plaintiffs Natalie LaFave and Nicolas LaFave filed this action against Defendants in the San Diego Superior Court, asserting that Defendants' residential premises were unsafe and the unsafe conditions (*i.e.*, failed window fall prevention device) led to the death of

their son—Kent LaFave. (ECF No. 1-2 ¶¶ 1–31.) Plaintiffs brought a single cause of action for wrongful death. (*Id.* ¶¶ 32–44.) At issue is whether Defendants had adequately warned Plaintiffs of the dangers on their premises at the time of residential leasing. (*Id.* ¶ 26.) Defendants removed the action to this Court and filed an answer to Plaintiffs' Complaint. (ECF Nos. 1, 2.) Plaintiffs filed a motion to remand this action to state court (ECF No. 7), and Defendants opposed (ECF No. 10).

Defendants moved to seal exhibits accompanying their opposition to Plaintiffs' motion to remand the action. (ECF No. 11.) More specifically, Defendants move to seal the following exhibits:

1. <u>ECF No. 12-1 (Exhibit A)</u>: The Fourth Amended and Restated Limited Liability Operating Agreement of San Diego Family Housing, LLC;
2. <u>ECF No. 12-2 (Exhibit B)</u>: The Third Amended and Restated Real Estate Ground Lease between the United States of America, Department of the Navy and San Diego Family Housing, LLC;
3. <u>ECF No. 12-3 (Exhibit C)</u>: The Fourth Amended and Restated Property Management Agreement between San Diego Family Housing, LLC and Lincoln Military Property Management LP;
4. <u>ECF No. 12-4 (Exhibit F)</u>: May 5, 2020 Correspondence from Lincoln Military Housing to United States Navy, Naval Facilities Engineering Systems Command;
5. <u>ECF No. 12-5 (Exhibit H)</u>: July 1, 2020 Correspondence from Lincoln Military Housing to United States Navy, Naval Facilities Engineering Systems Command; and
6. <u>ECF No. 12-6 (Exhibit I)</u>: February 1, 2021 Correspondence from the Military Housing Association to the Department of Defense.

Plaintiffs have not filed an opposition to Defendants' motion to seal.

## II. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.' " *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g., Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Similarly, it is not enough to "mention[] a general category of privilege, without any further elaboration or any specific linkage with the documents." *Id.* at 1184. A blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of the "relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's Standing Order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases § 5. These procedures limit sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.* Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible, a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11-cv-00410-YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

## III. ANALYSIS

### A. Standard of Review ("Compelling Reasons" vs. "Good Cause")

A motion to remand is a procedural motion. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (holding that a motion to remand is the procedural means to oppose removal). Thus, if the documents Defendants seek to seal are relied upon only in opposing Plaintiffs' motion to remand, those documents are not "more than tangentially related to the merits of the case" and are subject to the "good cause" standard of review. *Ctr. for Auto Safety*, 809 F.3d at 1101.

However, while Defendants argue that the documents they seek to seal are only related to the opposition to remand, three of those Exhibits are also relied upon in Defendants' answer. (*See* ECF No. 11 (Defendants' motion to seal identifying Exs. A–C

as Defendants' property management contracts with government entities); ECF No. 2 ¶¶ 17, 19 (Defendants' answer referencing the same contracts).) Thus, the Court applies the "compelling reasons" standard in analyzing Defendants' request to seal Exs. A–C (ECF Nos. 12-1–12-3), and applies the "good cause" standard in analyzing Defendants' request to seal Exs. F, H, and I (ECF Nos. 12-4–12-6).

**B. Whether Defendants Present "Compelling Reasons" to Seal Exhibits A, B, and C**

Trade secrets and proprietary confidential business information are routinely considered "compelling reasons" to seal. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant").

Here, Defendants have sufficiently demonstrated that the contracts attached as Exhibits A, B, and C contain sensitive business information—including "how . . . [military housing] businesses are structured and run, how they are financed . . . how they execute . . . government contracts [and] . . . comprehensive proprietary management plans." (*See* ECF No. 11-1 at 7:5–8:6.) Upon review, the Court agrees. Finding that compelling reasons exist to seal Exhibits A, B, and C in their entirety, the Court **GRANTS** Defendants' motion to seal Exhibits A, B, and C. (ECF No. 11.)

**C. Whether Defendants Present "Good Cause" to Seal Exhibits F, H, and I**

Since proprietary business information can be sealed under the "compelling reasons" standard, it can also be sealed under the "good cause" standard. *See Upper Deck Co. v. Pixels.com, LLC*, No. 24-cv-00923-BAS-DEB, 2026 WL 534414, at *8 (S.D. Cal. Feb. 26, 2026) ("Information that would be sealable under the 'compelling reasons' standard is also sealable under the 'good cause' standard."); *Corelogic Sols., LLC v. Geospan Corp.*, No. SACV 20-01500-CJC(KESx), 2020 WL 7786537, at *2 (C.D. Cal. Aug. 21, 2020) ("The

protection of trade secrets and other proprietary business information may be good cause to permit the filing of documents under seal.”).

Here, Defendants argue that the correspondence in Exhibits F, H, and I contains proprietary business information—including “discussions about operations of military housing and Defendants’ . . . involvement with military programs.” (ECF No. 11-1 at 9:10–14.) Upon review, the Court agrees. Finding good cause, the Court **GRANTS** Defendants’ motion to seal Exhibits F, H, and I. (ECF No. 11.)

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Defendants’ motion to seal. (ECF No. 11.) Thus, the Court also **DIRECTS** the Clerk of Court to **ACCEPT** and **FILE UNDER SEAL** the documents lodged at ECF Nos. 12-1 through 12-6.

**IT IS SO ORDERED.**

**DATED: August 21, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**